## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TERI LYNN KENNEDY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-CV-0142-CVE-PJC |
| ) | |
| **MICHAEL P. WILSON, and KAPPA ALPHA** ) | |
| **ORDER,** ) | |
| ) | |
| **Defendants.** ) | |

### OPINION AND ORDER

Now before the Court is the Motion in Limine (Dkt. # 94) filed by plaintiff Teri Lynn Kennedy ("Kennedy") seeking to prohibit any party, witness or attorney from making references to the alleged cellular phone record of defendant Michael P. Wilson ("Wilson"). The Court finds that the motion should be granted for several reasons.

As a preliminary matter, the Court notes that, in his order dated January 22, 2007, Magistrate Judge Cleary permitted defendants to add Wilson's cellular telephone records to the final exhibit list in the Pretrial Conference Order; he expressly stated that the trial judge would rule on admissibility.

Most importantly, the Court finds that Wilson's cellular telephone records, and reference thereto, ought be excluded at trial because these documents were disclosed (partially) the eve of trial in violation of Fed. R. Civ. P. 26(a)(3). Defendants should have known – at least by October 18, 2006 – that cellular phone usage was at issue in this case. Their response to the motion in limine (Dkt. # 95) admits that the records were sought as early as November 2006. Even though discovery cut-off was October 20, 2006, defendants should have disclosed to plaintiff their intent to seek such documents for possible use at trial. The fact that defendants did not obtain the documents from

Verizon for several months is irrelevant.  Thus, pursuant to Fed. R. Civ. P. 26(a)(3), the Court finds that these documents ought be excluded.

Further, the Court notes that there are potential authenticity problems with the admission of such evidence.  The Court is highly skeptical that Wilson can serve as the "other qualified witness" to authenticate the records "by a showing that he understands the record keeping system which was accurate." Dkt. # 95, at 6. They are not his business records; they are Verizon's.  There is no reason to believe that Wilson has any understanding of Verizon's record keeping system, including the reliability thereof.  For these reasons, the Court grants plaintiff's motion in limine.

**IT IS THEREFORE ORDERED** the Motion in Limine (Dkt. # 94) filed by plaintiff Teri Lynn Kennedy is **granted**.

**DATED** this 26th day of January, 2007.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT